## STATE OF CONNECTICUT *v.* NEIL BROWN
### (SC 16412)

Sullivan, C. J., and Borden, Katz, Palmer and Zarella, Js.

Argued April 24—officially released July 17, 2001

*John B. Cantarella*, for the appellant (defendant).

*Christopher T. Godialis*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Vicky Melchiorre*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Neil Brown, appeals from the judgment of the Appellate Court affirming his conviction of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A). At trial, the defendant excepted to a portion of the trial court's jury instructions, claiming that the court improperly had shifted to him the burden of proving that the victim consented to sexual intercourse. The trial court declined to reinstruct the jury.

On appeal to the Appellate Court, the defendant claimed that the trial court improperly had: (1) admitted testimony of a nonexpert witness; (2) allowed the state to cross-examine the defendant's character witness as to specific facts pertaining to a prior bad act of the defendant; and (3) instructed the jury regarding consent by shifting to him the burden of proving that the victim consented to sexual intercourse. *State* v. *Brown*, 59 Conn. App. 243, 244, 756 A.2d 860 (2000). The Appellate Court rejected the defendant's claims and affirmed the trial court's judgment. Id., 248, 250, 252.

The defendant filed a petition for certification to appeal to this court, seeking review of the following three issues: "(1) Whether the Appellate Court erred in holding that the jury instructions regarding consent, tak[en] in [their] entirety, were correct in law and sufficient to guide the jury even though the jury instructions placed the burden of proof on the defendant to prove consent and articulated a subjective test for consent as opposed to a reasonable person standard?

"(2) Whether the Appellate Court erred in holding that the trial court did not abuse its discretion by allowing observations by a nonexpert witness of the victim days after the alleged incident to be admissible to show lack of consent?

"(3) Whether the Appellate Court erred in holding that the trial court did not abuse its discretion by allowing cross-examination of specific facts of prior act[s] of violence against women after the defendant introduced evidence of no reputation in the community of prior sexual misconduct?" (Internal quotation marks omitted.)

Thereafter, we granted the defendant's petition for certification to appeal limited to the following issue: "Whether the Appellate Court properly concluded that the trial court was not required to instruct the jury that

the state must prove that the defendant did not have a justified reasonable belief that the victim had consented [to sexual intercourse]?" *State* v. *Brown*, 254 Conn. 943, 761 A.2d 762 (2000).

While the defendant sought our review of the foregoing certified issue in his petition for certification to appeal to this court and raised the particular issue on appeal to the Appellate Court, the defendant failed to preserve the issue properly for review in the trial court. Therefore, after examining the record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.